```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
```

In re:                                                              Case No. 17-00913-HWV
Daniel J Baer                                                       Chapter 13
        Debtor                      **CERTIFICATE OF NOTICE**

District/off: 0314-1            User: REshelman            Page 1 of 1            Date Rcvd: Aug 14, 2019
                                Form ID: pdf010            Total Noticed: 5

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 16, 2019.
aty            +Padma Vaghela,    AIS Data Services,    1212 Corporate Drive,,    Suite 400,,
                 Irving, TX 75038-2704
               +Quincy Township,    7575 Mentzer Gap Road,    Waynesboro, PA 17268-8946
               +Waynesboro Area School District,    210 Clayton Avenue,    Waynesboro, PA 17268-2066
4894324        +Franklin County Tax Claim Bureau,    2 N Main Street,    Chambersburg, PA 17201-1811

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
4897611        +E-mail/Text: ra-li-ucts-bankhbg@state.pa.us Aug 14 2019 19:15:56
                 Commonwealth of Pennsylvania,    Department of Labor and Industry,    Collections Support Unit,
                 651 Boas Street, Room 702,    Harrisburg, PA 17121-0751
                                                                                              TOTAL: 1

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 16, 2019                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 14, 2019 at the address(es) listed below:
              Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
              D Brian Simpson    on behalf of Creditor    Internal Revenue Service d.brian.simpson@usdoj.gov,
               jennifer.johnson-sbert@usdoj.gov
              James Warmbrodt    on behalf of Creditor    Wilmington Savings Fund Society, FSB, d/b/a Christiana
               Trust, not Individually but as Trustee for Ventures Trust 2013-I-H-R, A Delaware Trust
               bkgroup@kmllawgroup.com
              Johanna Hill Rehkamp    on behalf of Debtor 1 Daniel J Baer jhr@cclawpc.com,
               jlaughman@cclawpc.com;jbartley@cclawpc.com
              Joseph P Schalk    on behalf of Creditor c/o William F. Colby  Select Associates, L.P.
               jschalk@barley.com,    sromig@barley.com
              Kevin Buttery    on behalf of Creditor    Wilmington Savings Fund Society, FSB,
               kbuttery@rascrane.com
              Kevin S Frankel    on behalf of Creditor    Carrington Mortgage Services, LLC as servicer for Wells
               Fargo Bank, N.A., as Trustee for Carrington Mortgage Loan Trust, Series 2007-RFC1, Asset-Backed
               Pass-Through Certificates pa-bk@logs.com
              Kristen D Little    on behalf of Creditor    Carrington Mortgage Services, LLC as servicer for
               Wells Fargo Bank, N.A., as Trustee for Carrington Mortgage Loan Trust, Series 2007-RFC1,
               Asset-Backed Pass-Through Certificates pabk@logs.com
              Lauren Berschler Karl    on behalf of Creditor    Wilmington Savings Fund Society, FSB, d/b/a
               Christiana Trust, not individually but as trustee for Hilldale Trust lkarl@rascrane.com
              Lauren Berschler Karl    on behalf of Creditor    Wilmington Savings Fund Society, FSB, d/b/a
               Christiana Trust, not Individually but as Trustee for Ventures Trust 2013-I-H-R, A Delaware
               Trust lkarl@rascrane.com
              Robert E Chernicoff    on behalf of Debtor 1 Daniel J Baer rec@cclawpc.com,
               jbartley@cclawpc.com;jlaughman@cclawpc.com;jhr@cclawpc.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
              William F. Colby, Jr.    on behalf of Creditor c/o William F. Colby  Select Associates, L.P.
               wcolby@barley.com,    kneumann@barley.com
                                                                                              TOTAL: 13

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| : | CASE NO. 1:17−bk−00913−HWV |
| DANIEL J. BAER aka : | |
| BAER'S BUSES, GROCERY & REPAIR, : | |
| Debtor : | CHAPTER 13 |
| : | |
| DANIEL J. BAER aka : | |
| BAER'S BUSES, GROCERY & REPAIR, : | |
| Movant : | |
| v. : | |
| SELECT ASSOCIATES LP, FRANKLIN : | |
| COUNTY TAX CLAIM BUREAU, : | |
| WAYNESBORO AREA SCHOOL : | |
| DISTRICT, QUINCY TOWNSHIP, : | |
| INTERNAL REVENUE SERVICE, : | |
| PENNSYLVANIA DEPARTMENT OF : | |
| LABOR AND INDUSTRY, and : | |
| CHARLES J. DEHART, ESQUIRE : | |
| Respondents : | |

**ORDER APPROVING SALE OF REAL PROPERTY**

This matter is before the Court on the motion (the "Motion") of Daniel J. Baer aka Baer's Buses, Grocery & Repair ("Debtor") for the entry of an order authorizing sale of the Debtor's real estate located at 8766 & 8782 Wayne Highway, Waynesboro, Pennsylvania (the "Property").

The Court has considered the Motion and the matters reflected in the record of the hearing held on the Motion. All capitalized terms used herein not otherwise defined have the meanings ascribed to them in the Motion. It appears that the Court has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion and this Court's hearing thereon has been provided by U.S. Mail to all interested parties and upon any entity that may assert a lien or interest in the Property, and such is due and sufficient

in all regards; that no further notice is necessary; that the relief sought in the Motion is in the best interests of the Debtor's bankruptcy estate and the creditors thereof; and good and sufficient cause exists for such relief.

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

A. Debtor is the debtor-in-possession under Chapter 13 of the Bankruptcy Code.

B. The relief requested in the Motion is sought pursuant to applicable substantive and procedural law, including Code Sections 105, 363(b), (f), and (m), and Bankruptcy Rules 2002, 6004, 9013, and 9014.

C. This Court has jurisdiction over Debtor, over all of Debtor's assets wherever located, and over all creditors of the Debtor. This Court has jurisdiction to hear and to rule upon the Motion, and the Motion constitutes a core proceeding pursuant to 28 U.S.C. §157(b)(2).

D. Notice regarding the Motion and the hearing thereon has been due and sufficient in content, timing, and service in accordance with the Bankruptcy Code and the Bankruptcy Rules. As evidenced by the certificates of service filed with the Court, and based on the record before this Court, and further based upon representations of counsel at any hearing: proper, timely, adequate and sufficient notice of the Motion, the hearing regarding the Motion, and the proposed transfer of the Property therein referenced, has been provided to all creditors and interested parties in the Debtors' above-referenced Chapter 13 case. Such notice was good and sufficient and appropriate under the particular circumstances in accordance with Code Sections 102(1) and 363, and

2

Bankruptcy Rules 2002, 6004, 9013, and 9014, and no other or further notice of the proposed sale, the Motion, or the Hearing is required.

E. Reasonable opportunity to object to, or be heard regarding, the relief requested in the Motion has been afforded to all interested persons and entities, including but not limited to all creditors and all parties who claim interests in or liens against the Property.

F. The sale of the Property was conducted at arms' length. Ryan D. Covalt and Whitney L. Covalt, Buyers, provided the highest and best offer, without collusion and in good faith. Buyers are good faith purchasers in accordance with Bankruptcy Code Section 363(m) and are entitled to all of the protections afforded thereby. Neither the Debtor nor Buyers have engaged in any conduct that would cause or permit any part of the proposed sale to be avoided (or the validity of the sale affected) under Code Section 363(n) or any other provisions of the Bankruptcy Code. The good faith of the Buyers is evidenced by, among other things, the following facts: (a) the Agreement for the Sale of Real Estate executed is the product of arm's length transactions between Debtor and Buyers; and (b) all payments to be made in connection with the contemplated transaction have been disclosed.

G. The relief sought in the Motion is in the best interest of this estate, its creditors, and all parties in interest.

H. Debtor's advanced sound and sufficient business justifications and it is a reasonable exercise of the Debtor's business judgment for Debtor to consummate the transaction contemplated therein (the "Sale Transaction").

3

I.  The consummation of the Sale Transaction is properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, Code Sections 105(a), 363(b), 363(f), 363(m), and 363(n), and all of the applicable provisions of such sections have been complied with in respect of the Sale Transaction.

J.  Debtor may sell the Property to Ryan D. Covalt and Whitney L. Covalt under the terms and conditions as set forth in the Agreement for Sale and the Sale Motion, free and clear of all Liens and Claims (as hereinafter defined) because one or more of the standards set forth in Code §363(f)(1) - (5) has been satisfied.  Each holder of any Liens and Claims that did not object, or that withdrew its objection, to the Sale Transaction or the Motion is deemed to have consented pursuant to Code §363(f)(1).

**THEREFORE IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Findings of Fact set forth above be, and the same hereby are, ratified and adopted as findings of the Court.

2. The Motion is granted.  Any and all objections to the Motion are, to the extent not withdrawn or otherwise resolved as reflected in this Order, hereby overruled.  Those parties that did not object, or who withdrew their objections, to the Motion are deemed to have consented pursuant to Bankruptcy Code Section 363(f)(1).  The Debtor, as Seller, is authorized to perform the relevant or appropriate conveyances and duties referenced in the Motion.

3. Each of the bills of sales, releases, agreements, certificates, assignments, documents and instruments executed in connection therewith, and all of the other actions

4

contemplated by the sale, are approved and authorized in their entirety, except as may be modified in this.

4. Debtor is authorized, pursuant to Code Sections 105(a), 363(b), and 363(f), to perform all of its obligations under the Sales Agreement.

5. As provided herein the Sale Transaction is hereby approved pursuant to Code Sections 105(a), 363(b), 363(f), 363(m), and 363(n).

6. Any other provisions of the Bankruptcy Code governing the sale of property free and clear of all liens, claims, encumbrances and other interests, outside the scope of the Debtor's ordinary course of business, have been satisfied.

7. Debtor is hereby authorized to execute, deliver, exchange, and perform under all documents necessary or appropriate to consummate sale and transfer of the Property to the Buyers.

8. Debtor is authorized to pay costs and expenses associates with the sale of the Property as follows:

  a. Any notarization or incidental filing charges required to be paid by Debtor as seller;

  b. All other costs and charges apportioned to the Debtor as seller;

  c. All costs associated with the preparation of the conveyance instruments and normal services with respect to closing, including payment of $2,500.00 for legal fees and expenses owed to Cunningham, Chernicoff & Warshawsky, P.C., and case professionals, or to be owed to Cunningham, Chernicoff & Warshawsky, P.C. and other professionals in the case, in connection with implementation of the sale, the presentation and pursuit of this Motion, consummation of closing, and otherwise in connection with this case. All fees and expenses payable to Cunningham, Chernicoff

5

& Warshawsky, P.C. and other professionals shall be subject to such approval as the Bankruptcy Court may require. If any fees and/or expenses have not been approved by the Bankruptcy Court at the time of closing, then an estimated sum shall be escrowed at closing pending application to the Bankruptcy Court for approval of such fees. Upon approval of any fees and expenses by the Bankruptcy Court, funds in such amount may be distributed from escrow;

d. Real estate commission of five (5%) percent of the sale price;

e. Past due real estate taxes and present real estate taxes pro-rated to the date of closing on the sale;

f. Past due and present municipal charges, if any, for water, sewer and trash pro-rated to the date of closing on the sale;

g. Payment of one-half of the transfer tax applicable to the sale transaction;

h. The balance of the mortgage to Select Associates, LP;

i. The secured portion of the Internal Revenue Service's proof of claim, which is $239,815.57 with 4% interest for a total of $264,994.20;

j. The secured portion of the Pennsylvania Department of Labor and Industry's proof of claim, which is $8,884.07 with 3% interest for a total of $9,578.00.

9. Subsequent to the payment of the costs of sale as set forth above, $155,000.00 from the proceeds shall be turned over Charles J. DeHart, III, Esquire, Standing Chapter 13 Trustee pursuant to Debtor's 5th Amended to pay his remaining creditors in full. Debtor shall be entitled to any remaining proceeds from the sale of the Property.

6

10. Subject to the distributions set forth in this Order, all Liens and Claims shall be transferred and attach, with the same validity, enforceability, priority, force and effect that they now have as against the Property, to the net proceeds obtained for the Property, subject to the rights, claims, defenses and objections of the Debtor and all interested parties with respect to such liens. This Order is deemed to operate as a release of all Liens and Claims as and when sale of the Property occurs. If the proposed sale of the Property fails to close for any reason, then such Liens and Claims shall continue against it unaffected by this Order. All holders of recorded Liens and Claims affecting the Property are hereby directed to prepare, and record promptly after the closing of sale of the Property, releases of such Liens and Claims reasonably satisfactory to the Buyers.

11. Nothing herein shall work to the prejudice of the rights of the Debtor or any party-in-interest to object to any claim(s) filed in this bankruptcy case.

12. Except to the extent that the Liens and Claims attach to the sale proceeds as provided in this Order, this Order is and shall be effective as a determination that, as of the Closing Date, all Liens and Claims existing or that may be raised as to the Property prior to such closing have been unconditionally released and terminated.

13. This Order is binding on all filing agents and officers, all escrow agents, all title agents, all title insurance companies, all administrative agencies, all government departments and units, all Secretaries of State, and all federal, state, or local (or subdivision thereof) officials and all other persons or entities who may be required by operation of law, or by the duties of their office or by contract, to accept, file, register, or

otherwise record or release any documents or instruments or who may be required to report or insure any title or state of title in, to, or as regards the Property (all such persons or entities being "Recording Officers"). All Recording Officers are authorized and specifically directed to strike recorded Liens and Claims against the Assets in conformity herewith.

14. The Sales Agreement and the sale and transfer of the Assets were negotiated, proposed, and entered into by the Debtors and the Buyers in good faith, without collusion, for fair market value, and from an arms' length bargaining position, and the Buyers are a good faith purchaser, all within the meaning of 11 U.S.C. §363(m) and In re Abbotts Dairies of Pennsylvania, Inc., 788 F.1d 141 (3rd Cir. 1986).

15. The Court shall retain jurisdiction (a) to enforce and implement the terms and provisions of the Sale Agreement, all amendments thereto and any waivers or consents thereunder and of each of the agreements, instruments, and documents executed in connection therewith; (b) to enforce this Order and to bar the enforcement of any Liens and Claims or other liabilities, except as otherwise assumed, against Buyers or the Sale Assets; (c) to compel delivery of the Assets to the Buyers; or (d) to interpret, implement, and enforce the provisions of this Order.

16. This Order shall be effective immediately upon its entry, and the stay imposed by Bankruptcy Rule 6004(g) is declared inapplicable and waived.

17. The sale of the property shall be completed within ninety (90) days from the Order entered approving the sale.

Dated: August 13, 2019

By the Court,

*Henry W. Van Eck*

Henry W. Van Eck, Bankruptcy Judge (LS)